## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### LONDON

| | |
|---|---|
| **DOUGLAS BURKHART,** | **CIVIL NO. 6:20-15-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **NANCY A. BERRYHILL,** | |
| **ACTING COMMISSIONER OF SSA,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the parties' cross-motions for summary judgment. (DE 15 & 17). The plaintiff, Douglas Burkhart, brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief on the denial of his claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will **deny** the Plaintiff's motion and **affirm** the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 81 F.3d 825, 835 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps, in summary, are:

> *Step 1:* If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4). In the first four steps of the process the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (internal citations omitted); 20 C.F.R. § 404.1520(g)(1).

In this case, proceeding with step one, the ALJ determined that Douglas Burkhart ("Burkhart") did not engage in substantial gainful activity since January 10, 2017. (DE 9-1, Administrative Record ("AR") at 40).

At step two, the ALJ determined that Burkhart suffered from the severe impairments of degenerative disc disease with osteoarthritis, obesity, depression, bilateral knee osteoarthritis, and right shoulder partial rotator cuff tear. (*Id.* at 41)

At step three, the ALJ found that Burkhart did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR pt. 404, subpt. P, app. 1 (the Listings). (*Id.*)

Before proceeding to step four, the ALJ determined that Burkhart had the residual functional capacity (RFC) to perform a broad range of "light" work, which allows him to

> occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance; can occasionally stoop, kneel, crouch, and crawl; can frequently be exposed to extreme cold and vibration; can frequently reach overhead with the right upper extremity; and can never be exposed to unprotected heights or dangerous moving machinery.

(*Id.* at 42). As to restrictions for "mental issues," the ALJ determined that Burkhart

> can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every 2 hours; can interact frequently with supervisors and coworkers, … can interact occasionally with the public; and can adapt to routine work conditions and occasional work place changes that are gradually introduced.

(*Id.* at 42).  Next, the ALJ determined that Burkhart does not have the RFC to perform the requirements of his past relevant work. (*Id.* at 47-48).

At step five, the ALJ determined that Burkhart retained the capacity to perform unskilled, light exertion occupations—all of which existed in significant numbers in the national economy prior to May 17, 2018. Therefore, the ALJ found that Burkhart was not disabled under the Act from his alleged disability onset date of January 10, 2017 through May 17, 2018; however, the ALJ found that Plaintiff became disabled, beginning on May 18, 2018, when he turned 55 years-old and his age category changed under Rule 202.02 of the Medical-Vocational Guidelines. 20 C.F.R. pt. 404, subpt. P, app. 2 ("the Grids") (*Id.* at 48-49).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently denied Burkhart's request for review. (*Id.* at 6); *see* 20 C.F.R. § 422.210(a). Burkhart has exhausted his administrative remedies and filed a timely appeal in

this Court. The parties have filed cross-motions for summary judgment, and this case is now ripe for review under 42 U.S.C. § 405(g).

Under the Social Security Act, the Court conducts a limited review of the Commissioner's decision. 42 U.S.C. § 405(g). The Court may only evaluate whether the ALJ applied the correct legal standard and made factual findings that are supported by substantial evidence in the record. *Id.*; *see also Rabbers*, 582 F.3d at 651. Substantial evidence means "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In assessing the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision is supported by substantial evidence, this Court must affirm that decision even if there is substantial evidence in the record that supports an opposite conclusion. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

Burkhart argues that the ALJ did not properly evaluate his residual functional capacity, and thus the determination was not supported by substantial evidence. He asks that the Court find Burkhart disabled as of January 10, 2017. However, upon review, the Court concludes there is substantial evidence supporting the ALJ's determination that Burkhart *could* perform light work, with certain limitations, and was not disabled until May 18, 2018. The ALJ reasonably interpreted the evidence before her, and her conclusions were adequately supported. Accordingly, there is no basis for rejecting the ALJ's findings, and the Commissioner's decision must stand.

RFC is an administrative finding of an individual's ability to perform work-related activities, and establishing the claimant's RFC is a decision reserved for the Commissioner.

*See* 20 C.F.R. § 404.1545(a); SSR 96-5p: Titles II and XVI. "Although physicians opine on a claimant's residual functional capacity to work, ultimate responsibility for capacity-to-work determinations belongs to the Commissioner." *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x 574, 578 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(b). An ALJ considers numerous factors in constructing a claimant's RFC, including the medical evidence, non-medical evidence, and the claimant's credibility. *See* SSR 96–5p, 1996 WL 374183, at *3; SSR 96–8p, 1996 WL 374184, at *5. No medical source opinion is conclusive by itself on this issue. *See* SSR 96-5p, 1996 WL 374183, at *2, 4-5. Medical opinions may include reports from treating physicians, examining physicians, and nonexamining physicians; and the ALJ must discuss the weight afforded to the treating physician's opinion and the rationale supporting the ALJ's determination. *Id.* § 404.1527(c).

The ALJ evaluates other medical opinions based upon the amount of medical source evidence supporting the opinion, the consistency of the opinion with the record as a whole, whether the opinion is from a specialist discussing an issue related to his or her area of specialty, and other factors that tend to support or contradict the opinion. *Id.*; *see also Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) (determining that the ALJ's reasoning for crediting or discrediting medical opinions does not need to be verbose). "State agency medical and psychological consultants . . . are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). "In appropriate circumstances, opinions from State agency medical . . . consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96-6p).

The ALJ determined that Burkhart has the RFC to perform light work as defined under 20 C.F.R. § 404.1567(b) with the exception of certain physical and mental limitations. In determining Burkhart's RFC, the ALJ considered objective and subjective medical evidence, which included review of Burkhart's medical records, opinions from Burkhart's treating physicians, opinions from the state reviewing agency's medical and mental consultants, and Burkhart's testimony regarding his symptoms and subjective complaints. The ALJ found that Burkhart's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, she found that his statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical and other evidence. The ALJ notably found that Burkhart could still perform a range of light work prior to May 18, 2018.

Burkhart makes conclusory assertions that the ALJ ignored or minimized the evidence. However, as discussed below, these arguments are unavailing, and it would not be reasonable to require the ALJ to discuss each element of the record in detail, for the record is to be considered in totality. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 580, 591-92 (6th Cir. 1987).

In January 2017, Burkhart injured his back while lifting a rock at work. He was diagnosed with intervertebral disc prolapse. MRI results later that month showed a moderate-to-severe right subpedicular foraminal stenosis of the L5-S1, a moderate left subpedicular foraminal stenosis of the L5-S1 with effacement of the exiting L5 roots. There was no compressive disc herniation. It was opined that surgery was not needed, and Burkhart received conservative treatment for his pain, which included prescription medication and physical therapy. The pain and range of motion became moderately reduced, with Burkhart regaining normal extremity strength in June 2017. While he did not require a cane or brace, he still could not move with ease, experienced difficulty altering his movements and had

lumbar strain. Other impairments to his leg include a mild right limp, which was seen on two separate examinations in October and December 2017. Further, medical records revealed that Burkhart had a mass body index of 36 and weighed 266 pounds, which is consistent with obesity; this factor was considered as a potential source for exacerbating plaintiff's impairments and played a role in determining the RFC.

To the extent Burkhart argues that the ALJ erred in failing to properly address the opinion of Dr. Dye, his treating physician. The ALJ noted that Dr. Dye's assessment of plaintiff's limitations for sitting and standing was completed in a checkbox form and contained no explanation or support for reaching his conclusions. As such, while the opinion was considered, more weight was afforded to the findings and opinions from Plaintiff's treating and examining medical sources—specifically the opinions of Dr. Delawrence and Dr. Muffly—whose opinions were wholly consistent to the medical evidence presented and not so intertwined with plaintiff's subjective complaints. The ALJ further gave considerable weight to the physical and mental assessments of the state agency consultants, Dr. Thompson, Dr. Stallworth, Dr. Bornstein, and Dr. Dawson, given their expertise in the field of diagnosis and familiarity with treatment of such impairments. Likewise, the ALJ gave weight to Dr. Ford's, Dr. Lamb's, and Ms. Moore's consultative psychological evaluations. The ALJ specifically noted, however, that the opinion of Ms. Moore could not be given significant weight given its inconsistency with his medical records and the results from his treatment plans.

Burkhart argues that the ALJ failed to properly evaluate his subjective complaints about his pain. It is worth noting that a claimant's subjective complaints of pain or other symptoms cannot alone establish disability. 20 C.F.R. § 404.1529(a). ALJs use a two-part analysis in evaluating complaints of disabling symptoms: (1) the ALJ will determine whether there is an underlying, medically determinable, physical impairment or mental impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ

finds that such an impairment exists, he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii).

"Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. 20 C.F.R. § 404.1529. Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir. 1986) (quoting *Kirk v. Secretary of HHS*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, the ALJ's determination must contain specific reasons for the weight given to the claimant's symptoms,

be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Rogers*, 486 F.3d at 247-48; Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017).

Although Burkhart argues that the ALJ did not properly consider his subjective complaints of pain, he has not identified any error in the ALJ's consideration of the evidence. Burkhart's subjective complaints were not supported by the objective medical evidence, so the ALJ appropriately considered Burkhart's work-related complaints, testimony regarding his capabilities and limitations, activities, treatment history, medical evidence, and opinion evidence. The ALJ's findings with respect to Burkhart's mental and physical abilities were reasoned and substantially supported.  Accordingly, there is no basis for rejecting the ALJ's conclusions.

Finally, Burkhart offers conclusory arguments for why the ALJ's assessment of his physical and mental abilities was unreasonable in light of the evidence, but does not specifically explain what the ALJ erred in considering, and exactly how she erred in finding that Burkhart was not disabled under the Act until May 18, 2018, when his age category changed to that of an individual of advanced age—55 years of age—and thus was found to be disabled under Medical-Vocational (Grid) Rule 202.02.

The ALJ's decision adequately considered Burkhart's medical history, testimony, and reported symptoms in determining that he has the RFC to perform light work. Plaintiff did not have physical or mental limitations of listing level severity beyond those that were considered by the ALJ for determining his RFC. The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination. The ALJ appropriately evaluated the relevant factors and diminished Burkhart's capacity for basic work activities to the extent that his alleged functional limitations and restrictions due

to his symptoms can reasonably be accepted as consistent with the objective medical and other evidence. The ALJ provided specific reasons for discounting Burkhart's subjective complaints, and she explained why certain opinions were entitled to greater weight than others. Accordingly, the ALJ's decision must stand since it was supported by substantial evidence and decided under the proper legal standards.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 15) is **DENIED**;

2. The defendant's motion for summary judgment (DE 17) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated March 18, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY